**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRENT B. GOLDEN,

      Plaintiff - Appellant,

vs.

DON WATERS, Sheriff of Carter
County Detention a/k/a Don Water,

      Defendant - Appellee.

No. 99-7124
(D.C. No. 98-CV-298-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

      Plaintiff-Appellant Brent Golden, an inmate appearing pro se, appeals from

the dismissal of his prisoner civil rights claim, 42 U.S.C. § 1983.  Mr. Golden

was stabbed in the neck with a pencil by another inmate, James Thompson, during

a prison fight.  He brought the instant case against the prison warden claiming a

violation of the Eighth Amendment.  The district court dismissed the claim as

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

without merit under 28 U.S.C. § 1915(e)(2), although the judge considered summary judgment affidavit evidence. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm, treating the case as an appeal from the grant of summary judgment.

In order to prevail on an Eighth Amendment claim against the warden for injuries caused by another inmate, Mr. Golden must show that prison officials acted with "deliberate indifference" for his health and safety. See Lopez v. LeMaster, 172 F.3d 756, 760 (10th Cir. 1999); see also Barrie v. Grand County, Utah, 119 F.3d 862, 868-69 (10th Cir. 1997) (applying this standard to pre-trial detainees). This test requires proof that the prison official subjectively knew of and disregarded "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Berry v. Muskogee, 900 F.2d 1489, 1496 (10th Cir. 1990) (official must disregard a known or obvious risk).

As stated in an affidavit by Defendant Waters, it was the practice of the prison to segregate inmates who posed a threat to other prisoners. Prior to plaintiff's injury, Mr. Thompson had not threatened or assaulted any of the other prisoners. Therefore, Defendant Waters, who was not present at the time of the fight, did not consider him to be a threat to other prisoners. After the fight, both Mr. Golden and Mr. Thompson were placed in lockdown. Because Mr. Golden failed to demonstrate any deliberate indifference on the part of Defendant Waters,

the district court correctly dismissed his claim.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge